# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Marvin Yarrell,

    Petitioner

v.

Brian Williams, et al.,

    Respondents

Case No.: 2:19-cv-01738-JAD-VCF

**Order Dismissing Petition and Denying Certificate of Appealability**

[ECF No. 1]

Nevada state prisoner Marvin Yarrell petitions for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Having screened his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I find that his claims are not cognizable in federal habeas. So I dismiss the petition and deny a certificate of appealability.

## Discussion

Yarrell alleges that he is serving 60–150 months in the Nevada Department of Corrections (NDOC) for a possession-of-a-controlled-substance conviction.[2] Yarrell's lone claim for relief in his petition is that NDOC violated his right to due process by not applying earned credits to his minimum parole eligibility. Citing its decision in *Doolin v. Department of Corrections*,[3] the Nevada Court of Appeals determined that Yarrell is not entitled to these credits because his category E felonies had been enhanced to category B felonies under the small habitual-criminal statute.[4]

---

[1] ECF No. 1.
[2] *Id*. at 2.
[3] *Doolin v. Department of Corrections*, 440 P.3d 53, 54 (Nev. Ct. App. 2018).
[4] *Id* at 20 – 21.

Under Nev. Rev. Stat. § 209.4465(8)(d), offenders convicted of a category A or B felony are not entitled to statutory credits against their sentences. The court in *Doolin* concluded that Nevada's habitual-criminal statute enhances not only the sentence, but also the category of conviction to either category A or B,[5] so § 209.4465(8)(d) applies to habitual criminals notwithstanding their convictions for a lower-category crime.[6] Yarrell "disagrees with the Nevada Court of Appeals."[7]

Habeas Rule 4 requires a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[8] In considering a state prisoner's habeas petition, a federal court is limited to a review of violations of the Constitution or laws of the United States.[9] The federal habeas court is not permitted to overrule a state court's decision on an issue of state law.[10]

Yarrell's petition is essentially a challenge to the Nevada Court of Appeals' interpretation of the state's laws governing credits on terms of imprisonment. His characterization of this affront as a federal due-process violation does not convert this state-law question into a cognizable matter appropriate for federal habeas review.[11] Because it is plain from the petition

---

[5] *Doolin*, 440 P.3d at 56.

[6] *Id.*

[7] ECF No. 1 at 3.

[8] Rule 4 of the Rules Governing Section 2254 Cases.

[9] 28 U.S.C. § 2254(a).

[10] *See Estelle v. McGuire*, 502 U.S. 62, 67 – 68 (1991) (a federal habeas court will not "reexamine state court determinations on state law questions").

[11] *See Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir. 1997) (holding that a petitioner may not "transform a state law issue into a federal one merely by asserting a violation of due process," and that "alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

and appended exhibits that Yarrell is not entitled to federal habeas relief, and I cannot conceive of a way for Yarrell to cure this fatal deficiency, I deny the petition and a certificate of appealability.[12]

IT IS THEREFORE ORDERED that Yarrell's petition for writ of habeas corpus [ECF No. 1] is DISMISSED without leave to amend. The Clerk of Court is directed to ENTER JUDGMENT accordingly, CLOSE THIS CASE, and serve a copy of the petition and this order on the respondents via the Nevada Attorney General.

IT IS FURTHER ORDERED that the court declines to issue a certificate of appealability.

Dated: November 19, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[12] *Cf. Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (holding a habeas petition should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).